**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARTIN J. CHARLES, JR.,**

    **Plaintiff,**

v.                                    Case No.  8:11-cv-636-T-33TBM

**MONEYGRAM INTERNATIONAL
AND WALMART,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

    THIS MATTER is before the court on the pro se Plaintiff's **Affidavit of Indigency** (Doc. 2), which the court construes as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

    As a threshold matter, however, the court must determine whether Plaintiff's Complaint (Doc. 1) is frivolous or fails to state a claim and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990).  A complaint is deemed frivolous "where it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.*  However, the court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nonetheless, pro se litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

By his Complaint, Plaintiff sues Defendants, MoneyGram International and Walmart, "for violation of the Privacy Act and Rules of the Gramm-Leach-Bliley Act,"[1] due to

---

[1] In pertinent part, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et. seq., ("GLBA") provides that "[i]t is the policy of the Congress that each financial institution has an

Defendants' improper disclosure of his non-public personal information.  (Doc. 1).   Plaintiff alleges that on or about July 10, 2010, he received a legal money wire transfer at a MoneyGram location within the Walmart store located at 6745 North Church Avenue, Mulberry, Florida.  *Id.*, ¶ 2.  Approximately a week later, a Detective Stephanie Burcham of the City of Lakeland Police Department obtained a copy of the money transfer document done by Plaintiff on July 10, 2010.  *Id.*, ¶ 3.  The document was purportedly provided to Detective Burcham by Walmart employee, Clark Moffit, in connection with Detective Burcham's investigation of a grand theft incident that occurred at the Walmart on July 10, 2010, the same day Plaintiff was receiving a money transfer at the MoneyGram located in the subject Walmart.  *Id.*  Plaintiff alleges that his transaction on that date had no connection to the crime that was committed in the Walmart.  *Id.*, ¶ 7.  Notwithstanding, the money transfer document containing his non-public personal information was turned over to the detective, without a subpoena or warrant.  *Id.*, ¶ 3.  Plaintiff contacted MoneyGram via its 1-800 number to lodge a complaint regarding the unauthorized disclosure of his non-public personal information.  *Id.*, ¶ 4.  A MoneyGram representative advised that such business record request would have required a subpoena and that they had no record of any such subpoena or request for records.  *Id.*  Ultimately, MoneyGram directed Plaintiff to Walmart as MoneyGram's privacy policy permits all transaction information to be disclosed to its affiliates, agents, or service providers.

---

affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a).  The GLBA defines "nonpublic personal information" as personally identifiable financial information "(i) provided by the consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution."  *Id.* § 6809(4)(A).

3

*Id.*, ¶ 5.  Plaintiff states that his efforts to contact Walmart have been unsuccessful.  *Id.*, ¶ 8.  Plaintiff seeks money damages from Defendants for their disclosure of Plaintiff's personal information without his consent in violation of the GLBA.

While his affidavit indicates that Plaintiff likely lacks the resources necessary to pay the filing fee for this action, because I find that the Complaint fails to state a claim, I recommend that the court dismiss this action.  "[C]ourts across the country have held that no private right of action exists for violations of the GLBA, whose text indicates that it is to be enforced by 'Federal functional regulators, the State insurance authorities, and the Federal Trade Commission.'"  *Winter Park Condo. Ltd. v. Wachovia Bank, Nat'l Ass'n*, No. 6:09-cv-218-Orl-31KRS, 2009 WL 290992, at *1 (M.D. Fla. Feb. 6, 2009) (citing 15 U.S.C. § 6805(a); *Dunmire v. Morgan Stanley, DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (holding no private right of action exists under GLBA) (collecting cases)).

For these reasons, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed in forma pauperis (Doc. 2).  Whether Plaintiff may be able to state a cause of action against either or both of these two Defendants that is within this court's jurisdiction is not readily apparent from the present pleadings.  However, given the liberal pleading rules allowing amendment as set forth in Fed. R. Civ. P. 15(a), permitting Plaintiff the opportunity to amend is appropriate in the circumstances.  Accordingly, it is further recommended that the court direct the Plaintiff to file an Amended Complaint which sets forth a cause of action cognizable in this court and which is consistent with the pleading requirements of the Federal Rules of Civil Procedure

within twenty (20) days of the court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted on this
12th day of May 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Pro se Plaintiff